IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALBERT SNYDER | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.   RDB-06-1389 |
| FRED W. PHELPS, SR., | * | |
| WESTBORO BAPTIST CHURCH, | | |
| INC., JOHN DOES, JANE DOES | * | |
| Defendants | * | |

******

## MEMORANDUM OPINION

Presently pending before this Court is the Motion for Award of Costs and Fees (Paper No. 20) filed by the Plaintiff, Albert Snyder, for the Defendants' failure to waive service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The issues have been fully briefed by the parties and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the Plaintiff's Motion is GRANTED but for an award of an amount reduced from that requested.

BACKGROUND

The facts of this case have been set forth in this Court's Memorandum Opinion of October 30, 2006, in which this Court denied the Defendants' Motion to Dismiss.  In addition to those facts set forth, the history of this case reflects that attorneys indicating their representation of the Defendants in this case notified Plaintiff's counsel of said representation.  In light of the clear indication of those attorneys that they represented the Defendant, Westboro Baptist Church, Inc., and its members, Plaintiff's counsel requested that the Defendants waive service of process

through that counsel.  (Plaintiff's Ex. A.)  That request was appropriately made pursuant to Rule 4(d) with the notice that counsel for the Plaintiff would request costs subsequently incurred in effecting service upon the Defendants if there was not such a waiver.  Those attorneys who had expressly indicated their representation of the Defendant Westboro Baptist Church, Inc. and its members were provided the requisite notice as required by the rules.  Subsequently, a special process server sought to serve process on the Defendant Phelps and the Defendant Westboro Baptist Church, Inc., on 26 occasions.  (Plaintiff's Ex. C.)  Ultimately, this Court entered an Order permitting alternative service of process.  (Aug. 3, 2006.)

## ANALYSIS

The clear purpose of Rule 4(d) of the Federal Rules of Civil Procedure is to eliminate unnecessary costs of service of process.  Pursuant to the rule, a defendant has a duty to avoid unnecessary costs of service of process.  As has been aptly noted, the legislative history of this rule, establishes a requirement that a person who causes unnecessary delay must bear the costs with respect to failing to waive service of process.  *See Premier Bank, Nat. Ass'n. v. Ward,* 129 F.R.D. 500, 502 (M.D. La. 1990).  It is quite clear from the rules that once a defendant has been notified there is an affirmative duty upon that defendant to avoid unnecessary costs. *See Davilla v. Thinline Collection, LLC,* 230 F.R.D. 601, 602 (N.D. Cal. 2005).  Lawyers who had indicated that they represented the Defendants clearly were not authorized by the Defendants in this case to accept service of process.   Accordingly, the Motion of the Plaintiff shall be GRANTED and the costs-shifting provisions of Rule 4(d) shall be implemented in this case.  Costs and fees shall be assessed against the Defendants in this matter.

While being entitled to costs and fees pursuant to Rule 4(d), the Plaintiff must establish the reasonableness of the hourly rates for the purpose of an award of attorneys fees as well as the

reasonableness of the hours expended. This Court finds that the figure of $490.00 for costs for service of process is reasonable. However, the expenditure of 16.2 hours for the preparation of a motion for alternative service at a rate of $190.00 an hour for total fees of $3,078.00 requires review. Initially, this Court finds that the rate of $190.00 per hour for the time of an attorney who has eight years of experience as a litigation attorney (Plaintiff's Ex. D) is fair and reasonable in light of this Court's Local Rule Appendix B.3.b. However, this Court finds that it was not necessary to expend some 16.2 hours for the preparation of a motion for alternative service. A total of six hours is a reasonable time for the preparation of that motion. Accordingly, the requested figure of $3,078.00 shall be reduced to an amount of $1,140.00. Similarly, the Court questions the need to spend 12.5 hours to prepare the subject motion for costs and fees pursuant to Rule 4(d). Accordingly, this Court finds that eight hours is an appropriate time period for the preparation of the subject motion and authorities in support thereof. Therefore, the figure of $2,375.00 sought in connection with the subject motion shall be reduced to an amount of $1,520.00. In addition to the $490.00 for costs of service and the $1,140.00 in fees for the preparation of the Motion for Alternative Service, $1,520.00 shall be awarded for the costs of preparing the subject motion. Therefore, by separate Order, this Court shall order that the Plaintiff's Motion for Costs and Fees (Paper No. 20) shall be GRANTED and the Defendants shall be directed to pay the Plaintiff the total sum of $3,150.00. A separate Order follows.

December 11, 2006

/s/
_____
Richard D. Bennett
United States District Judge