IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALBERT SNYDER, | * | |
|    Plaintiff, | * | |
|      v. | * | Civil Action No.  RDB-06-1389 |
| FRED W. PHELPS, SR., *et al.*, | * | |
|    Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On the morning of Friday, October 19, 2007, Fred W. Phelps, Sr. and Westboro Baptist Church, Inc., joined by Shirley L. Phelps- Roper and Rebekah A. Phelps-Davis (collectively, "Defendants"), filed a Motion to Change Venue pursuant to 28 U.S.C. § 1404 in the pending lawsuit filed by Plaintiff Albert Snyder. Following a complicated and extensive pretrial history, this Motion has been filed on the eve of trial, which is scheduled to start on Monday, October 22, 2007. The Defendants' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Defendants' Motion to Change Venue is DENIED.

## DISCUSSION

The Defendants have argued that the publicity generated by the case has been so extensive and inflammatory that they will not be able to receive a fair trial in Baltimore or anywhere near Baltimore, and that consequently a change of venue is required. *See* 28 U.S.C. § 1404(a) (stating that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Specifically, Defendants point to numerous stories published in local

newspapers and aired on local televison and radio outlets.  After reviewing Defendants' Motion, this Court finds that the recent media attention is not "so inherently prejudicial that trial proceedings must be presumed to be tainted," *see United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991).[1]

Moreover, precautions have been taken to ensure that the jury will not be actually prejudiced.  This Court has increased the size of the jury pool to over one hundred individuals, and a jury questionnaire specifically requested by the Defendants has been submitted to prospective jurors and early responses have been provided to counsel.  During *voir dire*, this Court will ask the jury pool about any possible bias and impartiality.  Specifically, this Court will ask if any potential juror has any knowledge of this case or the events that gave rise to it from the media.  Additional individualized questions of prospective jurors will be asked when necessary.  In short, this Court finds that the media attention has not created so much prejudice that the trial is inherently tainted, and to the extent that there has been adverse media attention, the steps taken by this Court will ensure that any potential juror that is actually prejudiced will not be empaneled.[2]

## **CONCLUSION**

For the reasons stated above, the Defendants' Motion for Change of Venue (Paper No.

---

[1] It should be noted that the Defendants have not altogether avoided media attention.  For example, they have issued news releases disclosing their intention to protest at five local Baltimore churches on October 20 and 21, the two days immediately preceding the start of trial. (Pl.'s Mot. in Limine Ex. 1 (Paper No. 174)); *see also Bakker*, 925 F.2d at 733 ("In deciding whether to presume prejudice based on pre-trial publicity, a court can consider the source of that publicity.").

[2] This Court will also issue an order restricting the parties from making any statement to the media that may have any adverse effect on the trial, including sacrificing the impartiality of the jury after it has been empaneled.  *See* Local Rule 603 (D. Md. 2004).

180) is DENIED.  A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date:  October 19, 2007