IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ALBERT SNYDER,<br>      Plaintiff<br><br>      v.<br><br>FRED W. PHELPS, SR.,<br>SHIRLEY L. PHELPS-ROPER,<br>REBEKAH A. PHELPS-DAVIS, and<br>WESTBORO BAPTIST CHURCH, INC.<br>      Defendants | Civil Action No. 06-CV-1389  RDB |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' BILL OF COSTS**

**I.   STATEMENT OF THE CASE**

     The facts underlying this case are not in dispute.  Presently, after prevailing on their appeal, Defendants requested that their "costs" at the trial level be taxed to Plaintiff.  In their Bill of Costs, Defendants claim the total amount of $96,740.21 for various items.  Plaintiffs submit the following objections to Defendants' Bill of Costs.

**II.   STATEMENT OF THE QUESTION**

    **A.   WHETHER THE HONORABLE COURT SHOULD EXERCISE ITS DISCRETION TO DENY DEFENDANTS' REQUEST TO TAX COSTS IN THEIR FAVOR?**

        Suggested Answer:  In the Affirmative.

    **B.   WHETHER, IN THE ALTERNATIVE, THE HONORABLE COURT SHOULD REDUCE THE COSTS ALLOWABLE TO DEFENDANTS?**

        Suggested Answer:  In the Affirmative.

1

### III. ARGUMENT

#### A. Legal Standard for Awarding Costs.

Defendants have filed a motion for costs pursuant to Federal Rule of Civil Procedure 54(d), which provides, "costs -- other than attorneys' fees -- should be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). Courts applying Rule 54(d) have stressed that, although the Rule creates a presumption in awarding costs to the prevailing party, "federal courts have a wide discretion in the apportionment and taxation of costs." *Jones v. Schellenberger*, 225 F.2d 784, 794 (7th Cir. 1955).

A district court's decision of whether to assess costs to the victorious party is reviewed for abuse of discretion. *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).

#### B. The Honorable Court should exercise its discretion to deny Defendants' Request to Tax Costs in their favor.

Although Defendants prevailed on appeal, the particular circumstances of the present case warrant the Honorable Court to exercise its discretion to deny Defendants' claim for costs. Specifically, denial of Defendants' bill of costs is warranted because (1) the case was particularly close and difficult, and Plaintiff proceeded in good faith, (2) Defendants' conduct prior to and throughout the litigation was reprehensible, and (3) Plaintiff is unable to pay the costs.

##### 1. The case was particularly close and difficult, and Plaintiff proceeded in good faith.

Fourth Circuit courts have noted that a court considering whether to assess the prevailing party's costs is entitled to consider a number of factors. One such factor is the difficulty and closeness of the case. *See Teague*, 35 F.3d at 996; *Virginia Panel Corp. v. Mac Panel Co.*, 203

F.R.D. 236, 237 (W.D.Va. 2001). Another factor is the good faith of the losing party in proceeding with its claim. *Virginia Panel*, 203 F.R.D. at 238. Courts have held that the closeness and difficulty of an issue, and the good faith of the losing party, provide a basis for denying the prevailing party's bill of costs.

For example, in *Virginia Panel*, the court noted that, "the unique closeness of this case merits consideration with regard to the taxation of costs." 203 F.R.D. at 237. The court stressed that its analysis of this factor required it to evaluate "the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id*. After noting the extent of the analysis that it had been required to perform, the *Virginia Panel* court concluded that, "[t]his case was not a simple one, and thus the closeness and difficulty of the case is an appropriate factor in considering whether MAC Panel should be denied costs." *Id*. at 238.

In addition, the *Virginia Panel* court recognized that the plaintiff had proceeded in order to protect its rights in a particular patent. As such, the plaintiff had acted in good faith. *Id*. at 238.

The closeness of the present action cannot easily be disputed, as Plaintiff prevailed at the trial level. Moreover, the case involved exceedingly difficult questions of both law and fact. In particular, the court was required to intricately balance the First Amendment rights of both parties, while at the same time considering state tort law issues. In applying these legal doctrines, the court was asked to perform a detailed factual analysis and hear the testimony of various fact and expert witnesses.

Further, Plaintiff has acted in good faith throughout the litigation. It was established at trial that he suffered physical and emotional damage as a result of the Defendants' actions, which were directed specifically towards him because his son happened to die while serving in the military. He pursued the action to recover for these injuries.

### 2. Defendants' conduct prior to and throughout the litigation can be characterized as reprehensible.

Another factor that courts have considered in denying a prevailing party's claim for costs has been the conduct of that party both prior to and during the litigation. Courts have denied the prevailing party's claim of costs where that party has acted improperly.

In *Virginia Panel*, the prevailing party had infringed on the patent of the losing party, but was excused from contempt because it had sold the devices at issue to the government. 203 F.R.D. at 238. The court stressed that, "[w]hile consideration of the prevailing party's actions is most often deemed a penalty for misconduct during the course of litigation, conduct outside the litigation process may be relevant to determining whether an award of costs is inequitable." *Id*. The court noted that the prevailing party admitted that it was infringing the plaintiff's patent despite a prior injunction against it, but escaped liability for contempt because it was selling the products to the government. *Id*. Recognizing the defendant's misconduct, the court refused to award it costs:

> [T]hough immunized from contempt it clearly infringed a patent for its own benefit and to the detriment of plaintiff Virginia Panel. Then to insist that Virginia Panel pay MAC Panel's litigation costs is, without more, inappropriate.

*Id*.

Similarly, in *Teague*, the plaintiffs, who had purchased "lifetime partnerships" in a hotel, had been defrauded by the defendants, who oversold the partnerships. 35 F.3d at 981. In addition to other appeals and cross-appeals, two of the defendants that had been dismissed from the case by the district court appealed the court's denial of their motion for a grant of costs. *Id*. at 995. After outlining the factors that a court may consider in exercising its discretion to deny costs, the Fourth Circuit concluded that that the district court had acted properly in denying the defendants' motion for grant of costs because the plaintiffs had proceeded in good faith, the case against the defendants was close, the plaintiffs had fallen victim to the fraud of one of the other defendants, and the plaintiffs were "of modest means". *Id*. at 996. In sum, the court was persuaded to deny costs, in part, because the plaintiffs had suffered at the hands of certain of the defendants.

The prevailing party's conduct *during the litigation* provides an even stronger basis for denying its claim of costs. For example, in *Jones*, the court held that the prevailing party would be required to pay the costs of its appeal because that party, "had not only prolonged the litigation but has greatly increased the costs." 225 F.2d at 794. Likewise, in *Square Construction Co. v. Washington Metropolitan Area Transit Authority*, 800 F.2d 1256 (4th Cir. 1986), after noting the district court's discretion in awarding costs, the court ordered the *prevailing party* to pay the costs of the losing party because it had deliberately withheld evidence that was vital to the case. *Id*. at 1266-67. The court noted that, through this conduct, the litigation was prolonged "immeasurably and unnecessarily". *Id*.

At present, Defendants escaped liability because the Court of Appeals determined that their efforts to protest the funeral of Plaintiff's son were constitutionally protected.  However, there is no dispute that the Defendants actually protested and disrupted the funeral of Plaintiff's son in order to publicize themselves and their religious beliefs.  Defendants would fully admit this.  After subjecting the Plaintiff to such activities for their own benefit, Defendants should not be entitled to add injury to insult by subsequently assessing what amounts to a trumped up Bill of Costs.

Further, Defendants' pattern of behavior continued throughout the litigation of the dispute.  For example:

- Defendants filed a motion to dismiss the Complaint.  Thereafter, related Defendants filed a motion to dismiss a nearly identical Amended Complaint.

- During trial, Defendants routinely requested that the Court reconsider their motions – most of which were frivolous – and on occasion, requested reconsideration of their motions on multiple occasions.

- Defendants filed motions during the middle of trial.  The motions were for various reasons, but none had any merit.

- Defendants continuously objected to jurisdiction and were repeatedly told that those objections lacked any merit.

- During trial, Defendants insisted upon protesting.  Consequently, the court staff and jury were required to take special measures to avoid the Defendants.

Perhaps most notably, Defendants used the proceedings to further publicize their cause.

In sum, having benefited at the Plaintiff's expense both prior to and during the underlying litigation, Defendants should not be permitted to benefit further by obtaining payment of their

costs from Plaintiff. Accordingly, the Honorable Court should exercise its discretion and require Defendants to pay their own costs.

### 3. Plaintiff is unable to pay the costs.

Courts have also considered the financial position of the losing party in determining whether to assess costs against him under Rule 54(d). While federal courts have recognized that this factor, alone does not warrant the dismissal of a bill of costs, they have stressed that it is a factor that is properly considered. *See, e.g.*, *Teague*, 35 F.3d at 996 (concluding that the district court had acted properly in denying the defendants' motion for grant of costs because the plaintiffs had proceeded in good faith, the case against the defendants was close, the plaintiffs had fallen victim to the fraud of one of the other defendants, and the plaintiffs were "of modest means").

As provided in the Affidavit of Albert Snyder, attached hereto as Exhibit "A", Plaintiff is employed by an electrical company and makes approximately $43,000 per year. Plaintiff's counsel handled the underlying litigation and appeal on a pro bono basis, as Plaintiff would not have been financially able to litigate the matter otherwise. Presently, Plaintiff is unable to pay the costs claimed by Defendants without suffering extreme financial hardship. As such, the fact that Plaintiff is of modest means provides an additional basis for the Honorable Court to exercise its discretion in denying Defendants' Bill of Costs.

### C. In the alternative, the Honorable Court should reduce the Costs allowable to Defendants.

Plaintiff submits that, based on the factors set forth in the previous section, the Honorable Court should exercise its discretion to deny Defendants' claim for costs altogether. However, in

7

the event the Court does not deny the claim altogether, it should reduce the Bill of Costs to those which are actually permissible and justified. When the items contained in Defendants' Bill of Costs are considered in turn, it is clear that they are entirely devoid of merit, and should be reduced to a fraction of the amount claimed.

      **1.**     **Permissible cost items.**

If a court exercises its discretion in favor of granting costs, 28 U.S.C. § 1920 limits the recovery of such costs to specifically delineated items, and further provides that the assessment of these particular items rests with the discretion of the court. The Section states:

> A judge or clerk of any court of the United States *may* tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id*. (emphasis added). Courts have stressed that, "the district court has no discretion to award costs not authorized by statute or contractual provision." *U.S. v. Merritt Meridian Const. Corp.*, 95 F.3d 153 (2d Cir. 1996) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497-98, 96 L.Ed.2d 385 (1987)).

Thus, 28 U.S.C. § 1920 provides additional limits on the ability of the prevailing party to claim costs by providing (1) that only certain items are recoverable, and (2) that the district court "may", but is not required to, tax those items to the losing party.

### 2.     Docket fees.

Defendants seek reimbursement for $915.00 of docket fees they incurred in bringing three appeals to the Fourth Circuit. This claim should be denied in its entirety, because these fees should have been included in Defendants' Bill of Costs submitted to the Fourth Circuit.

Alternatively, the claim for docket fees should be denied because Defendants' interim appeals were clearly premature and were dismissed summarily by the Fourth Circuit. Moreover, the appeals stand as an example of Defendants' consistent practice of making frivolous and unnecessary filings. Plaintiff should not be required to reimburse Defendants for their deliberate misconduct.

### 3.     Fees for service of summons and subpoena.

Defendants claim that they are entitled to $2,296 for "service of summons and subpoena." These amounts appear to have been incurred by Defendants for private process servers. In contrast, 28 U.S.C. § 1920 provides for the taxation of "(1) Fees of the clerk and marshal." No mention is made of private process servers. As such, Defendants are not entitled to recover this amount, as a matter of law.

### 4.     Fees for the court reporter for transcripts.

Defendants claim they are entitled to "Fees for the court reporter in the amount of $13,900.06." Section 1920(2) provides for the collection of "Fees for printed or electronically

recorded transcripts *necessarily obtained for use in the case*." Defendants claim $7,031.55 for transcripts for the appeal, and $6,868.51 for trial and hearing transcripts and deposition transcripts.

In response, Defendants' claim of $7,031.55 for transcripts for the appeal should have been included in their Bill of Costs submitted to the Fourth Circuit. This claim should therefore be dismissed as improper and untimely.

Further Defendants have failed to set forth any itemization of how the trial, hearing and deposition transcripts were "necessarily obtained for use in the case." Federal courts have repeatedly held that the prevailing party is not entitled to simply claim the cost of transcripts without demonstrating their necessity to the case. *See, e.g.*, *Nissan Antitrust Litigation*, 577 F.2d 910 (5th Cir. 1978):

> As an individual portion of the costs, the trial court awarded costs for an expedited "daily" transcript requested solely by the defendants and to which the plaintiffs had not agreed. This additional expense was for the convenience of the defendants and was, by no means, indispensable. Therefore this award was an abuse of discretion.

*Id*. at 918. Absent such a showing, Defendants' claim for this cost should be denied.

### 5. Fees and disbursements for printing.

Defendants claim the amount of $604.62 for "disbursements for printing." Defendants allege that these items are set out in the attachments to the Bill of Costs "and are copies obtained of various items before and during trial." However, Defendants have failed to set forth any explanation of the relevance of these charges, and absent such a showing, this claim should be dismissed.

### 6. Fees for witnesses.

The costs that may be assessed for witnesses are defined by statute. However, the Honorable Court retains the discretion as to whether to award these costs. For the reasons set forth at length in Section III.B. of this Brief, the Honorable Court should refuse to award any witness costs to Defendants.

### 7. Fees for copying papers.

Defendants claim $3,426.50 for copying papers "necessary for the case." However, as demonstrated by a cursory review of the "Itemization of Copying Costs by Defendants," Defendants are seeking to charge $0.50 per page for the cost of copying their various frivolous filings, which served only to delay the proceeding, burden the court, and add to the expense of all parties.

Moreover, Defendants have failed to demonstrate how these costs were "necessary for the case." Absent such a showing, Defendants are not entitled to recover these costs. Further, Plaintiff would submit that, at a maximum, Defendants should be entitled to charge for the cost of copying only those items actually utilized at trial. *See Sun Publishing Co. v. Mecklenburg News, Inc.*, 594 F.Supp. 1512 (D.Va. 1984) (holding that photocopy charges are properly taxable as costs by the court only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel.").

Finally, even if the certain copying charges are permitted, Defendants' exorbitant charge of $0.50 per page should be reduced to an appropriate level. For example, in *Alexander v. Nat'l Farmers Org.*, 696 A.2d 1210, the Eighth Circuit Court of Appeals determined that a $0.50 cent

11

per page copying cost was unreasonable, and reduced the fee to $0.20 cents per page. *Id*. at 1212 ("We find this per page charge unreasonable in this case, and order these court costs be paid by the defendants only to the extent of twenty cents per page."). Defendants should not be permitted to profit on the basis of their in-house printing.

In sum, Defendants claim for copying costs should be dismissed because they have not demonstrated how the copied items were necessary for the case. Even if such costs are permitted, they should be (1) limited to those items used at trial, and further (2) reduced to an appropriate cost.

### 8. Costs as shown on the mandate of the Court of Appeals.

Defendants claim that they are entitled to $16,510.80 for costs incurred in connection with their appeal. Plaintiff has filed objections to this claim with the Fourth Circuit, which are pending. Moreover, Defendants should not be entitled to claim these costs at both levels simultaneously. As such, this claim should be denied.

### 9. Miscellaneous costs of $58,280.30.

Finally, Defendants claim the amount of $58,280.30 for miscellaneous costs. These costs include (1) mail and courier costs, (2) the cost of copying CD's, (3) expert witness fees, (4) reimbursement of counsel for travel costs, and (5) travel costs for "support people, defense witnesses, and family members. Plaintiff will address each item in turn.

First, Section 1920 does not provide for the recovery of mail and courier costs. This item is therefore excludable as a matter of law.

Second, Section 1920 likewise does not allow the recovery of the costs of oral argument for the appeal of the underlying matter.  The cost of copying CD's that contained this argument is therefore excludable as a matter of law.  Moreover, Defendants are time barred from claiming additional costs related to their appeal.  Such costs should have been included in the Bill of Costs submitted to the Fourth Circuit.

Third, it is well established that non-court appointed expert witness fees are not recoverable as a matter of law absent a specific statute or contractual entitlement.  No provision is made for such fees in Section 1920, and the U.S. Supreme Court has squarely rejected the claim that a court has the discretion to award expert witness fees incurred by the parties.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497-98, 96 L.Ed.2d 385 (1987).  Defendants claim of approximately $36,180.28 for expert witnesses must therefore be dismissed.

Fourth, Section 1920 does not permit the recovery of travel expenses for the parties or their counsel.  This claim is particularly unwarranted in the present case because Defendants specifically used the trial to publicize their cause.  Beyond the fact that travel expenses are barred from recovery as a matter of law, awarding them in the present case would simply be inequitable.

In sum, out of the $58,280.30 in miscellaneous costs claimed by Defendants, they are entitled to reimbursement of $0.00 as a matter of law.

**IV.   CONCLUSION**

Based on the foregoing law and facts, the Honorable Court should dismiss Defendants' Bill of Costs.  In the alternative, the Honorable Court should reduce the Bill of Costs to those which are actually permissible and justified.

                    Respectfully submitted,

                    BARLEY SNYDER LLC

                    s/ Sean E. Summers

                    _____

Sean E. Summers
100 East Market Street
P.O. Box 15012
York, PA 17405-7012
(717) 846-8888

Craig T. Trebilcock
Shumaker Williams PC
1 East Market Street
York, PA 17401
(717) 848-5134
Attorneys for Plaintiff

2750498

## CERTIFICATE OF SERVICE

 I herby certify that on this date the foregoing Brief is being filed via the Court's CM/ECF system, that the Brief is being served on counsel via the Court's CM/ECF system, and is being mailed to pro se Defendants by first class mail, postage prepaid, addressed as follows:

Via ECF:
Jonathan L. Katz, Esq.

Via First Class Mail:
Shirley L. Phelps-Roper
3640 Churchill Rd.
Topeka, KS 66604

Rebekah A. Phelps-Davis
1216 Cambridge
Topeka, KS 66604

                BARLEY SNYDER LLC

                s/ Sean E. Summers
                _____
                Sean E. Summers

November 13, 2009