IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Albert Snyder,

      Plaintiff,

vs.          Case No. 06-cv-1389

Fred W. Phelps, Sr., et al.,

      Defendants.

**DEFENDANTS'
REPLY TO PLAINTIFF'S RESPONSE TO
SUPPLEMENT TO:
DEFENDANTS' REPLY TO:
PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' BILL OF COSTS**

After the Fourth Circuit's order of October 16, 2009, taxing appeal costs in the amount of $16,510.80 (Doc. No. 285), on October 30, 2009, defendants filed a Bill of Costs (Doc. No. 287), exhibits in support (Doc. No. 286), and memorandum of law in support (Doc. No. 288). Plaintiff responded in opposition on November 13, 2009 (Doc. No. 289), and defendants filed a reply on November 23, 2009 (Doc. No. 290).

At the time of the reply, plaintiff's objections to appeal costs were pending before the Fourth Circuit Court of Appeals. On March 26, 2010, the Fourth Circuit issued an order denying those objections. Thus, on April 8, 2010, defendants supplemented their earlier reply to plaintiff's opposition to defendants' Bill of Costs (Doc. No. 291). Plaintiff has responded in opposition (April 26, 2010, Doc. No. 292). Defendants hereby briefly reply to the response:

1. Mainly, the response rehashes previous unsubstantiated and unsupported arguments, with little factual or legal substance. For instance, plaintiff says defendants have acted reprehensibly, but only cites defendants' litigating their position as the

1

reprehensible conduct. (Plaintiff incorrectly asserts that the Bill of Costs includes a request for reimbursement of service costs. The Court's order assessing costs for alleged avoidance of service was appealed; and a settlement was reached. Service costs for that event are not included in the Bill of Costs.) Defendants' conduct in successfully litigating their First Amendment defense is no more "reprehensible" than plaintiff's seeking review by the United States Supreme Court. The rhetoric about defendants' religious beliefs is inappropriate on this issue, or any other in this case. The record refutes this claim by plaintiff; he and his counsel are bound by the record.

Also not a new claim is that this case was close and difficult. That is not a sufficient basis for denying an award of costs, even if it were true. The facts were not in dispute; the settled law of the Supreme Court under the First Amendment was not unclear; the defendants ultimately vindicated their First Amendment rights in the Fourth Circuit. Plaintiff went so far as to move *in limine* against defendants being able to so much as mention a First Amendment defense. Plaintiff's preference for a narrow reading of the First Amendment does not convert this case to a close case. Overwhelmingly, the law forbad this case going to a jury.

Also not a new claim is that plaintiff is unable to pay costs. Various and sundry people nationwide are raising funds for plaintiff; he is silent on that well-published fact in his response. Further, even if plaintiff did not have a national fundraising effort underway, he has made no showing of inability to pay, which is his burden to establish.

2. Plaintiff suggests there is no authority for filing a supplement. Common sense says otherwise. An issue was left open at the time of the briefing of the Bill of Costs

actual

issues; the Fourth Circuit's decision closed the issue; it only makes sense to update the record therefore. *See, e.g., Valladares v. Cordero*, 552 F.3d 384, 387 (4th Cir. 2009) (district court granted supplemental motion for summary judgment).

3. Plaintiff suggests since the Supreme Court has agreed to hear the case, no costs should be awarded. The procedural rules apply no such limit; and the Fourth Circuit's action says otherwise to Plaintiff's contention. The only reference in Rule 109 of this Court's rules to the Supreme Court is the language that gives a movant 14 days after the entry of a judgment by the Supreme Court, if that Court agrees to hear the case, to submit a Bill of Costs. The same rule *also* allows the request to be made within 14 days of the mandate from the Court of Appeals.

4. Plaintiff suggests the Court has unfettered discretion to deny costs, and urges that prejudice and bias enter in to shape this alleged discretion. This is a misstatement of the law. The discretion of the Court with regard to awarding costs is limited. Again: "By mandating that, subject to court intervention, costs be allowed to a prevailing party 'as of course,' the rule [Fed. R. Civ. P. 54] creates the presumption that costs are to be awarded to the prevailing party. [Citations omitted.] To overcome the presumption, a district court 'must justify its decision [to deny costs] by "articulating some good reason for doing so,"'' [Citations omitted.] Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award," *Cherry v. Champion International Corp.*, 186 F.3d 442 446 (4th Cir. 1999). *See also Little Rock Cardiology Clinic v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009), *cert. petition filed*. ("An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal

conclusions"). Plaintiff's dislike of defendants and their religious views and expressions is not sufficient to overcome the presumption in favor of awarding costs, and doing so would constitute erroneous factual findings or legal conclusions. *Id.* The proper place to present a claim for rule-of-law nullification is to the Congress, for a change in the language of the law.

5. Plaintiff suggests defendants have not "genuinely disputed" they intentionally caused emotional distress to plaintiff. To the contrary, the evidence reflects that the *motive* and *purpose* of the defendants was a fervent and sincere desire to do a Scriptural duty, of warning people of the dire consequences of their sin. Although plaintiff presented testimony disagreeing with defendants' religious viewpoint, that does not constitute evidence of intent to cause emotional distress. Plaintiff's emotional distress comes from two sources, which are 1) his son's death—which defendants did not do, and are urging people to *prevent* by obeying God's commandments, and 2) his vehement opposition to the religious views of the defendants. Neither of those is evidence of intent by defendants to cause emotional harm, nor is either evidence of emotional harm at defendants' hand. This false claim stands the facts on their heads, and should be rejected, stricken and disregarded.

WHEREFORE, based upon the content of the defendants' Bill of Costs, exhibits, memorandum of law, reply, supplement, and this reply, defendants respectfully request that the Court tax costs herein against plaintiff, in the amount of $96,740.21 (which includes and encompasses the $16,510.80 taxed by the Fourth Circuit Court of Appeals).

       Respectfully submitted,


       _____/s/_____
       Jon Katz
       D.Md. Bar No. 07007
       Jon Katz, P.C.
       8720 Georgia Avenue, Suite 703
       Silver Spring, Maryland 20910
       (301) 495-7755 – phone
       (301) 585-7733 – fax
       jon@katzjustice.com
       Attorney for Defendants Westboro Baptist Church, Inc. and Fred W. Phelps, Sr.


       _____
       Shirley L. Phelps-Roper
       3640 Churchill Road
       Topeka, KS 66604
       785-640-6334
       Defendant Pro Se


       _____
       Rebekah A. Phelps-Davis
       1216 Cambridge
       Topeka, KS 66604
       785-640-5431
       Defendant Pro Se

Certificate of Service

I certify that the foregoing Defendants' Reply to Plaintiff's Response to Defendants' Supplement to: Defendants' Reply to Plaintiffs' Brief in Opposition to Defendants' Bill of Costs was served by the CM/ECF filing system on May 6, 2010, on counsel for plaintiff:

Sean E. Summers, Esq.
Craig Tod Trebilcock, Esq.

_____/s/_____
Jonathan L. Katz
D.Md. Bar No. 07007
Jon Katz, P.C.
8720 Georgia Avenue, Suite 703
Silver Spring, Maryland 20910
(301) 495-7755 – phone
(301) 585-7733 – fax
jon@katzjustice.com
Attorney for Defendants Westboro Baptist Church, Inc. and Fred W. Phelps, Sr.